VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT  05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00954

---

In Re: Jason Combs

---

## DECISION ON THE MERITS

The Court held a bench trial in this case on February 11, 2026.  Petitioner Jason Combs appeared with counsel, Attorney Mark Furlan.  Respondent State of Vermont was represented by State's Attorney Kranichfeld and Deputy State's Attorney Watts.  The Court heard testimony from Attorney Steve Dunham, Mr. Combs' attorney during his 2023 criminal case, Mr. Combs, and Mr. Combs' expert witness Attorney Jason Sawyer.

Based on the following, having considered the testimony, the admitted exhibits, and the parties' briefs, the Court grants the petition in part.

### I. Procedural Backdrop

This Court has previously summarized the backdrop of this case:

On July 13, 1998, Petitioner pleaded guilty to DUI #1 in docket number 765-7-98 Frcr. Ex 1.  On September 15, 1998, Petitioner pleaded guilty to DUI #2 in docket number 903-8-98 Frcr. Ex. 2.  Petitioner was subsequently convicted of a third, unchallenged DUI #3 charge.

On May 12, 2023, Petitioner was arraigned on, among other charges, DUI #4 in docket number 23-CR-4586. Ex. 3 at 1.  That DUI charge was enhanced to a felony-level charge based, in part, upon the two previous 1998 DUI convictions. *Id*.  On August 4, 2023, Petitioner pleaded guilty to DUI #4, in docket number 23-CR-4586, and was sentenced on that charge to 6-10 years to-serve. Ex. 4. During the change-of-plea and sentencing hearing in docket number 23-CR-4586, Petitioner's attorney did not preserve on the record his right to challenge the validity of the 1998 convictions the State used to enhance the driving under the influence charge from a misdemeanor to a felony. Ex. 5; Ex. 3 at Count 1

MSJ Order at 2.

Mr. Combs filed an amended post-conviction relief petition in this docket on November 27, 2024.  He presented two substantive claims.  First, he contended that his guilty plea to DUI #4 in docket 23-CR-4586 is invalid because the two 1998 predicate convictions did not comply with V.R.Cr.P. 11(f).  Mr. Combs also complained of ineffective assistance of counsel, arguing that Attorney Dunham (1) failed to fully investigate the predicate convictions and (2) failed to

preserve, on the record at the change-of-plea hearing in the 2023 case Mr. Combs' right to contest the validity of the two predicate convictions.

Mr. Combs moved for summary judgment and on March 28, 2025, the Court denied the motion, dismissing the Rule 11 claims because they had not been preserved, and reserved the ineffective assistance claim for trial. One issue raised by the Court was whether Mr. Combs had raised the issue of his predicate convictions with Attorney Dunham to the point where he had a duty to investigate further.

In light of that decision Mr. Combs moved to amend the petition, now alleging that he had spoken with Attorney Dunham about the validity of the 1998 predicate convictions during the course of his 2023 criminal case. The Court granted the amendment on the basis that Mr. Combs' speaking to Attorney Dunham about the predicate offenses may have triggered a *Strickland v. Washington* duty to investigate.

The Court held a trial on February 11, 2026. The chief issue raised at trial was whether, during Mr. Combs' 2023 criminal case, Attorney Dunham gave Mr. Combs incorrect legal advice about the ability to challenge his underlying 1998 predicate DUI convictions notwithstanding the Supreme Court's decision in *In re Benoit*. This claim differed from the claims he raised in the second amended petition.

Based on the evidence admitted at trial, Mr. Combs now seeks to amend his petition for the third time. The latest iteration of the petition comprises two Rule 11 challenges (counts one and three) and one ineffective assistance of counsel claim (count two). See Third Amended Petition (filed Mar. 26, 2026); Motion to Amend Complaint (filed Mar. 26, 2026).

The two Rule 11 counts now challenge Mr. Combs' 2023 guilty plea; one on the basis that Mr. Combs did not enter the plea knowingly and voluntarily because Attorney Dunham failed to investigate the validity of his prior convictions; the other because the plea was entered in reliance upon materially inaccurate advice rendered by Attorney Dunham. The ineffective assistance count is based on Attorney Dunham's alleged failure to preserve, in the 2023 case, Mr. Combs' right to challenge the predicate convictions under *Benoit*. The State has not opposed the amendment, and the Court grants it because it conforms the claims to the evidence admitted at trial. See V.R.C.P. 15(b).

The Court, at this time, therefore, need only answer whether during the course of the 2023 case (1) Attorney Dunham gave Mr. Combs faulty legal advice making the plea involuntary, and (2) whether Attorney Dunham failed to appropriately preserve Mr. Combs' right to challenge his 1998 predicate convictions under *Benoit*.

## II. Findings of Fact

On May 12, 2023, Mr. Combs was arraigned on manslaughter, grossly negligent operation, eluding a law enforcement officer, and three counts of DUI #4 in docket number 23-

CR-4586. The DUI #4 charge was enhanced to a felony-level charge based upon Mr. Comb's two 1998 DUI convictions.

Attorney Dunham represented Mr. Combs during the course of the 2023 criminal case. Attorney Dunham has been a public defender his entire career. He was the managing attorney at the Franklin County Public Defender's Office at the time of the 2023 case.

Before the jury draw in that case, Attorney Dunham ordered the transcripts of the change-of-plea hearings in the two 1998 cases and investigated the prior 2010 DUI based on a concern raised by Mr. Combs. On review, he concluded that both 1998 convictions were likely challengeable because of a faulty factual basis. Because Mr. Combs was pro se in one of the 1998 cases, Attorney Dunham also thought it worth investigating whether Mr. Combs properly waived counsel at the time. Both Attorneys Dunham and Sawyer opined at trial that the 1998 convictions were likely susceptible to a challenge on several bases.

Mr. Combs was eventually offered a plea deal in the 2023 case. Before accepting, Attorney Dunham reviewed the agreement with Mr. Combs. He gave Mr. Combs advice about the merits of the case and the possible defenses at trial, and also spoke to Mr. Combs about the details of the plea. Although Attorney Dunham never advised Mr. Combs to accept the offer, Mr. Combs eventually accepted. One reason why Mr. Combs ultimately accepted the deal was the length of the sentence. The other reason was that Attorney Dunham told him he could challenge the old DUIs by way of a post-conviction relief petition to reduce the final sentence, and he intended to do so.

Critically, during the change-of-plea and sentencing in the 2023 case, Attorney Dunham did not preserve on the record Mr. Combs' right to challenge the validity of the 1998 predicate convictions as required by *Benoit*. As the Court has observed in its previous orders, to preserve a PCR challenge to a predicate conviction, *Benoit* requires a defendant pleading guilty to an enhanced charge to expressly indicate on the record at the change-of-plea hearing "an intent to challenge one or more of the convictions through a PCR petition, specifically identifying the convictions they intend to challenge, and stating the bases for the challenges." *In re Benoit*, 2020 VT 58, ¶ 18, 212 Vt. 507. Failure to follow this procedure results in a waiver of the predicate challenge. *Id.*, ¶ 17.

Here, Attorney Dunham never communicated the intent to seek post-conviction relief to the State or the Court. Attorney Dunham instead affirmatively and incorrectly advised Mr. Combs that he would be later able to challenge the 1998 predicate convictions if he were dissatisfied with the outcome of the plea and sentence. This advice led Mr. Combs to the conclusion that the two 1998 DUI convictions were constitutionally defective. It also, however, incorrectly led him to believe he would be able to redress the infirmities in the1998 pleas by way of post-conviction relief after pleading guilty to the 2023 DUI.

At no point during the course of plea negotiations in 2023 did Attorney Dunham have the *Benoit* decision in mind – Attorney Dunham was unfamiliar with the decision at the time. This is despite the fact that the Office of Vermont Defender General provides annual training on relevant law to the attorneys at the Franklin County Public Defender's Office. When Attorney Dunham led the office, he expected his attorneys to participate in the trainings. Attorney Dunham regularly attended these trainings. *Benoit* was decided in 2020 and would have been a case discussed during the 2021 training. The attorneys in his office also got Friday updates with recent decisions of the Vermont Supreme Court.

Because the pertinent plea agreement was negotiated in 2023, Attorney Dunham should have been aware of *Benoit*. Had Attorney Dunham known about *Benoit* during the 2023 plea negotiations, he would not have given Mr. Combs the same advice about the ability to challenge the predicate convictions. Likewise, had it not been for Attorney Dunham's advice Mr. Combs would not have taken the plea deal in 2023. Had Mr. Combs known he could not challenge the predicate convictions he would not have agreed to the 2023 plea deal. Instead, during the plea colloquy in 2023, Mr. Combs agreed the State could prove the predicate DUIs – though at the same time he had the unexpressed intent to later challenge the predicates. Had Mr. Combs been given the correct advice under *Benoit*, he would have wanted a trial.

Any criminal defense attorney in Vermont should have known about *Benoit* at the time it was decided, especially if one handles enhanced cases. The case lays out the ground rules for successfully preserving a challenge to a predicate conviction. Attorney Dunham did not follow these rules.

The State did not present any witnesses of its own. Its primary factual defense was that it was not credible that Attorney Dunham was not familiar with Benoit at the time. The Court did not find this argument persuasive – attorneys misunderstand or are unaware of the law frequently. In addition, if Mr. Dunham had previously raised Benoit or attempted to use it in a prior case, the Franklin County's State's Attorney would have been the party on the other side to witness that. No such evidence was presented.

### III. Conclusions of Law

At trial, Mr. Combs had the burden to prove the case by a preponderance of the evidence. *In re Combs*, 2011 VT 75, ¶ 9, 190 Vt. 559 (mem.).

*a. Rule 11 Claims*

"If a defendant changes his plea in full reliance upon an understanding, entertained rightly or wrongly, but reasonably and in good faith, the change of plea is involuntary if the understanding proves to have been wrong." *In re Cronin,* 133 Vt. 234, 237 (1975). A plea "is not voluntary unless the defendant knows and understands the consequences that attach to the plea." *State v. Pilette*, 160 Vt. 509, 511 (1993). A defendant must also be apprised of

information in Criminal Rule 11(c), though, to be sure, defense counsel has no obligation to inform a defendant of consequences of a guilty plea not spelled out in Rule 11(c). *Id*. at 511–12; *In re Moulton,* 158 Vt. 580, 583 (1992).

As relevant here, defense counsel has an affirmative duty to inform a defendant "that there may be collateral consequences to a conviction." V.R.Cr.P. 11(c)(8). The Court is not convinced that "collateral consequences" encompass an obligation to inform a defendant that pleading guilty without first preserving a challenge to predicate offense results in a waiver of further post-conviction challenge to those predicate offenses. Still, "misinformation … may provide a basis for a successful attack on the voluntariness of a plea." *In re Moulton*, 158 Vt. at 584; see also *Gutzmann v. Gorczyk*, 2002 WL 34423537, at *2 (Vt. Apr. 2002) (unpub. mem.).

To prevail on such a claim, Mr. Combs must establish that he entered the plea "in reasonable reliance upon a material misunderstanding resulting from misinformation provided by his attorneys," and that this misunderstanding "worked to petitioner's prejudice[.]" *In re Moulton*, 158 Vt. at 587. To determine whether the Mr. Combs was prejudiced, the Court looks to "the circumstances confronting [the petitioner] at the time of the plea[.]" *Id*.

The trial evidence establishes that Attorney Dunham advised Mr. Combs that if he pleaded guilty to DUI #4 in 2023, he would later be able to challenge the entire plea on the basis that the 1998 predicate convictions were defective. That advice was incorrect under *Benoit*. Attorney Dunham did not know about *Benoit* and provided Mr. Combs incorrect advice. Mr. Combs materially relied on the advice; he would not have taken the deal had he known the correct statement of the law and would have insisted on a trial. It had always been Mr. Combs' intention to plead guilty and later contest the underlying convictions. Those 1998 predicate convictions were likely challengeable.

Based on the circumstances confronting Mr. Combs at the time of the 2023 plea described above, he has established that he entered the guilty plea in reasonable reliance upon a material misunderstanding resulting from misinformation provided by Attorney Dunham, and that this misunderstanding worked to his prejudice. As such, Mr. Combs' guilty plea in the 2023 criminal case was not knowing and voluntary. As a result, Mr. Combs prevails on count three.

As to count one regarding an alleged failure to investigate the validity of his prior convictions, trial evidence did not support this claim. The evidence established that Attorney Dunham ordered transcripts of the two 1998 change-of-plea colloquies, investigated them, concluded that they were constitutionally infirm, and informed Mr. Combs accordingly before Mr. Combs pleaded guilty. Mr. Combs therefore has not established at trial that Attorney Dunham failed to investigate the validity of his prior convictions, nor that Mr. Combs "was unaware of, and deprived [of] the opportunity to present, an essentially unassailable legal defense – that two of his three prior convictions were invalid because the Rule 11 colloquies on which they were based lacked adequate recitation and acknowledgment of factual bases." Third Amended Petition at 1–2. The Court enters judgment for the Respondent on count one.

*b. Ineffective Assistance*

Mr. Combs has proved that the performance of Attorney Dunham in the 2023 case fell below the standard of professional conduct. Attorney Dunham gave Mr. Combs incorrect legal advice on which Mr. Combs relied when pleading guilty.

> In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court applied *Strickland* "to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 58, 106 S.Ct. at 370. The prejudice prong of *Strickland* was modified in this respect: "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370. "Although this modification focuses the inquiry on a subjective question, the answer to that question must be reached through an objective analysis." *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.), *cert. denied,* 488 U.S. 843, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988).

*In re Fisher*, 156 Vt. 448, 460–61 (1991); see also *In re Grega*, 2003 VT 77, ¶ 7, 175 Vt. 631; *In re Gauthier*, 2017 WL 3837728, at *2 (Vt. Aug. 21, 2017) (unpub. mem.).

The Court concludes that Mr. Combs has established that Attorney Dunham's performance fell below a standard of professional conduct, and that there is reasonable probability that, but for his errors, he would *not* have pleaded guilty and would have instead insisted on going to trial. See *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Mr. Combs has proved his ineffective assistance of counsel claim.

## Order

Based upon a preponderance of the credible evidence, the petition is granted in part. It is granted on counts two (ineffective assistance of counsel) and three (Rule 11 claim based on materially inaccurate advice of counsel). It is denied on count one (Rule 11 claim based on failure to investigate).

Mr. Combs' 2023 conviction is vacated and the case remanded to the criminal division in the posture from before Mr. Combs pleaded guilty. *In re Morin*, 2011 VT 132, ¶ 7 ("When a court vacates and sets aside a judgment, that eliminates the judgment and thereby returns the case to its status before the judgment was made. In many circumstances, this will leave a case in a procedural posture such that it requires further proceedings in the original court."). It is up to the State "to reinitiate the dismissed charges – either by recharging or by making a motion to

reinstate the charges with the court that dismissed them." *In re Morin*, 2011 VT 132, ¶ 10, 191 Vt. 580 (citation omitted).  The State explicitly made that request in its brief.

Electronically signed on July 28, 2026, pursuant to V.R.E.F. 9(d).

_____

Navah C. Spero
Superior Court Judge